**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4082**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

BRIAN GAY,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:11-cr-00106-RAJ-TEM-1)

_____

Submitted:  October 16, 2012      Decided:  December 7, 2012

_____

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia, V. Kathleen Dougherty, Robert J. Seidel, Jr., Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial in the United States District Court for the Eastern District of Virginia, Brian Gay was convicted of three counts of mail fraud, 18 U.S.C. § 1341, one count of wire fraud, id. § 1343, four counts of conducting an unlawful monetary transaction, id. § 1957, and one count of making a false document, id. § 1001(a)(3). He was sentenced to sixty months' imprisonment. On appeal, he challenges the sufficiency of the evidence on these convictions. We affirm.


I

Gay was an attorney licensed to practice law in the Commonwealth of Virginia. Before practicing law, Gay worked as a real estate agent in the Virginia Beach area and through this employment met Daniel Woodside, whom he helped buy a house in late 1999. A few years later, in 2002, Gay also handled Woodside's divorce from his wife, Carla, the mother of Woodside's three children.

In January 2005, Woodside was diagnosed with terminal lung cancer. In preparation for his death, Woodside asked Gay to prepare certain estate documents, including an irrevocable trust agreement and a last will and testament. Gay complied. Gay was the trustee under the irrevocable trust agreement and the beneficiaries were Woodside's three children. The irrevocable

- 2 -

trust was to be funded by, among other things, Woodside's life insurance policies.

Woodside died in April 2006. Before his death, Gay used his position as Woodside's friend and attorney to orchestrate a scheme to defraud the Woodside children out of hundreds of thousands of dollars. Gay's plan involved stealing the life insurance proceeds intended to benefit the health, education, and well-being of Woodside's children and using it for his own purposes. Following Woodside's death, the life insurance proceeds were deposited in accounts set up to administer the Woodside estate. As trustee, Gay wrote checks to himself and deposited the checks in his own accounts. The scheme to defraud resulted in the theft of nearly $400,000.00.

II

A defendant challenging the sufficiency of the evidence "faces a heavy burden," as reversal of a conviction is limited to "cases where the prosecution's failure is clear." United States v. Foster, 507 F.3d 233, 244–45 (4th Cir. 2007) (citation and internal quotation marks omitted). Generally, we will "sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (citation and internal quotation marks

omitted). Further, we will "not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." Foster, 507 F.3d at 245.

Gay first challenges the sufficiency of the evidence on the mail and wire fraud counts. To establish a mail fraud or wire fraud violation, the government must prove that the defendant (1) knowingly participated in a scheme to defraud and (2) used the mail or wire communications in furtherance of the scheme. United States v. Wynn, 684 F.3d 473, 477 (4th Cir. 2012). To establish a scheme to defraud, "the [g]overnment must prove that the defendant[] acted with the specific intent to defraud." United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001).

With respect to the mail and wire fraud counts, Gay contends that the evidence does not support the finding that he had any intent in the spring of 2006 to defraud the Woodside children. Gay's argument misses the mark.

Gay produced at least two fraudulent documents prior to Woodside's death in April 2006. After fabricating these documents, which purport to name Gay as the beneficiary of Woodside's life insurance policies, Gay continued to falsely represent to numerous parties, including Carla, the children, the probate court, the two life insurance companies, and the title company involved in the sale of Woodside's home, that the

- 4 -

proceeds were in trust for the benefit of the children. Gay also falsely represented to the Woodside family in April 2006 that he would invest the trust money for their benefit, but never invested a penny. This evidence, along with other evidence in the record, clearly supports the jury's finding that Gay had the specific intent to defraud in the spring of 2006.

Gay next challenges the sufficiency of the evidence on the four unlawful monetary transaction counts. At trial, the government demonstrated that, as trustee of the Woodside estate, Gay wrote four checks (one in March 2008, one in November 2008, and two in July 2010) from Woodside estate checking accounts to himself and deposited these checks in his own accounts.

To prove a § 1957 violation, the government must show: (1) that the defendant knowingly engaged in a monetary transaction; (2) that the defendant knew the property involved derived from specified unlawful activity; and (3) that the property was of a value greater than $10,000. United States v. Blair, 661 F.3d 755, 776 n.1 (4th Cir. 2011) (Traxler, C.J., dissenting in part). The statute defines "monetary transaction" as "the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument . . . by, through, or to a financial institution." 18 U.S.C. § 1957(f). Evidence of a deposit of unlawful proceeds in a Federal Deposit Insurance Corporation insured financial

institution is sufficient to satisfy the monetary transaction element.  See United States v. Peay, 972 F.2d 71, 74 (4th Cir. 1992) (§ 1956).

Gay's first attack on the § 1957 convictions is premised on the argument that the government failed to prove a scheme to defraud with respect to the mail and wire fraud counts.  This attack fails for the reasons set forth above.

Gay's next attack relates to the interstate commerce component of § 1957.  He posits that although the government's evidence on the interstate commerce element was sufficient concerning the two checks written to himself in 2008, it was insufficient concerning the two checks written to himself in 2010.  However, Gay failed to raise this argument below in his Rule 29 motion, precluding the district court from having the first opportunity to opine on it.  When a defendant raises specific grounds in a Rule 29 motion, grounds that are not specifically raised are waived on appeal.  United States v. Chong Lam, 677 F.3d 190, 200 (4th Cir. 2012).  We therefore decline to consider this argument for the first time on appeal.[*]

---

[*] To the extent that an exception to this rule exists in situations in which a manifest miscarriage of justice has occurred, see Chong Lam, 677 F.3d 200-01 n.10, this is not such a case.  In a light most favorable to the government, the government presented ample evidence at trial to allow a reasonable jury to conclude that the monetary transaction (Continued)

Finally, Gay challenges the sufficiency of the evidence on the false document count.  To prove a violation of § 1001(a)(3), the government must show that (1) the defendant made a false writing or document to a governmental agency, (2) the defendant acted knowingly or willfully, and (3) the false writing or document was material to a matter within the jurisdiction of the governmental agency.  United States v. Ismail, 97 F.3d 50, 60 (4th Cir. 1996) (§ 1001).  A fact about a matter within a governmental agency's jurisdiction is material if it has a natural tendency to influence agency action or is capable of influencing agency action.  Id.

At trial, the government presented evidence that Gay asked his friend, Tony Hill, to present a seventy-page stack of documents to the investigating federal agents when Hill arrived for his testimony before the grand jury.  Hill complied.  When the agents reviewed these materials, they discovered a never-before-seen letter Gay purportedly sent to Midland Life Insurance Company claiming that he, personally, was the beneficiary of Woodside's life insurance proceeds.  Because the letter was both false and material, substantial evidence support's Gay's false document conviction.

---

element was satisfied with regard to the two checks Gay wrote to himself in 2010.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED